## THE STATE, ARMSTEAD HUBBARD, PROSECUTOR, v. THE STATE OF NEW JERSEY.

Argued June 7, 1898—Decided November 7, 1898.

1. An indictment, although the defendant is misnamed therein, is a valid indictment under article 5 of the amended constitution of this state, which provides that "no person shall be held to answer for a criminal offence unless on presentment or indictment of the grand jury."
2. The practice upon a misnomer of the defendant in an indictment is established and regulated by section 41 of the act entitled "An act regulating proceedings in criminal cases." *Gen. Stat., p.* 1128. The indictment shall not be abated by such misnomer, but amended according to the truth, by affidavit or otherwise, upon an allegation or plea of misnomer, and to such amended indictment the defendant must plead as if there had been no allegation of misnomer.
3. On *habeas corpus,* where it appears by the return and the facts that the person indicted is in custody, upon a writ of *capias* issued upon the indictment, and that he is the person as defendant actually indicted, although misnamed in the indictment, and his application is for a discharge merely because of such misnomer, the matter will be heard as if a plea or allegation of misnomer had been made under the statute in the court in which the indictment has been presented, and a motion to amend according to the truth of such plea or allegation, and his discharge will be refused.

---

On *certiorari.*

Before Justices Lippincott and Gummere.

For the prosecutor, *Fay & Van Note.*

For the state, *Wilbur A. Heisley,* prosecutor of the pleas

The opinion of the court was delivered by

LIPPINCOTT, J.   Two indictments were presented against the prosecutor by the grand jury of the county of Monmouth, at the May Term, 1898, of the Monmouth County Oyer and Terminer, for keeping a disorderly house because of the illegal sale of intoxicating liquor. In the indictments he is named as "Armstead Herbert," instead of "Armstead Hubbard," which latter is his correct name.

Upon these indictments two writs of *capias* were issued and the prosecutor arrested and imprisoned in the county jail to await trial. In these writs he is named "Armstead Herbert." A writ of *habeas corpus* was sued out by the prosecutor upon a petition alleging a misnomer of the prosecutor in the indictments, that his proper name was "Armstead Hubbard" and not "Armstead Herbert." At the hearing before Mr. Justice Collins it was admitted that the name of the prosecutor was "Armstead Hubbard" and not "Armstead Herbert." It was also admitted that the prosecutor was the person against whom the indictments had been found, but through lack of proper information the grand jury had misnamed him in the indictments, and it was agreed that the matter should be heard as if a dilatory plea of misnomer had been presented and a motion to amend the indictments had been made according to the plea and the truth thereof as established upon such plea. Upon the admission of these facts, the discharge of the prosecutor on this writ was refused. This writ of *certiorari* was allowed to review this determination of the matter by this court.

The return to the *certiorari* fully sets out the writs of *capias* and facts upon which the determination below was made remanding the prosecutor.

The indictments, although the defendant is misnamed therein, are no less valid indictments under article 5 of the amendments to the constitution of this state, which provides that "no person shall be held to answer for a criminal offence unless on the presentment or indictment of the grand jury."

There were in this case indictments against the prosecutor, and the misnomer was a defect therein which rendered them subject to a dilatory plea of misnomer, the practice upon such plea being regulated by statute.

The cause has been argued by the prosecutor entirely upon common law principles as applicable to indictments.

But the practice has been regulated in this state by statute.

It is provided by section 41 of the act entitled "An act regulating proceedings in criminal cases" (*Gen. Stat.*, p. 1128, § 41) "that no indictment shall be abated by reason of any dilatory plea, or allegation of misnomer of the party offering such plea, but if the court shall be satisfied by affidavit or otherwise of the truth of such plea or allegation, the court shall forthwith cause the indictment to be amended according to the truth, and shall call upon such party to plead thereto, and shall proceed as if no such dilatory plea had been pleaded."

The former practice under this dilatory plea was to quash the indictment and have the grand jury to return another indictment. But this practice is now changed according to the statute.

The case is presented precisely as if such dilatory plea had been presented and the truth thereof established to the satisfaction of the Court of Oyer and Terminer. A motion to amend made according to the truth of the plea, if the truth of the plea had been made out, would have prevailed and the amendment made accordingly, and thus the practice provided by the statute followed and the defect of misnomer cured.

It therefore appears that the prosecutor is not entitled to his discharge, and the writ may be dismissed, and the prosecutor remanded to await trial.